UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MERSADA COBOVIC, individually and on behalf of all others similarly situated,

        *Plaintiff*,

-against-

MARS PETCARE US, INC.,

        *Defendant.*

24-CV-7730 (ARR) (JAM)

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff, Mersada Cobovic, brings this putative class action on behalf of herself and other similarly situated against defendant, Mars Petcare US, Inc. ("Mars"), seeking monetary and injunctive relief. Plaintiff alleges that Mars's use of the word "natural" on the label of its pet food products violates New York consumer protection law, N.Y. Gen. Bus. L. §§ 349 & 350 ("N.Y. GBL"), and constitutes a breach of express warranty. Before me is Mars's motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Def.'s Mem. L. Supp. Mot. Dismiss, ECF No. 20-1 ("MTD"). For the following reasons, I deny the motion.

## BACKGROUND

The following facts are drawn from the complaint, Compl., ECF No. 1, and documents relied upon so heavily therein that they are deemed "integral" to the complaint. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Mars is a Delaware corporation, with headquarters in Tennessee, that makes, advertises, and sells pet food products (the "Products") throughout the United States at outlets including Amazon.com and supermarkets. Compl. ¶¶ 1 & 9 & 12.

Mersada Cobovic is an individual consumer and citizen of New York. *Id.* ¶ 8. Ms. Cobovic purchased the Products multiple times,[1] including in or around October 2023, when she purchased a Product called "NUTRO Grain Free Natural Wet Cat Food Cuts in Gravy Turkey Recipe" on Amazon.com. *Id.* The front label of that Product, which is reproduced in the moving papers, states "NATURAL CAT FOOD + VITAMINS, MINERALS & OTHER NUTRIENTS":



MTD, Ex. 1, ECF No. 20-2.[2] *See also* Compl. ¶ 11 (depictions of Nutro dog food label).

---

[1] In addition to describing the October 2023 purchase, the Complaint states that Ms. Cobovic "purchased the Products for personal use at various times during the applicable statute of limitations." Compl. ¶ 8.

[2] The Complaint includes only the front label for a Nutro dog food product, Compl. ¶ 11 (label for "Cuts in Gravy Tender Chicken, Sweet Potato & Pea Stew"), notwithstanding the fact that plaintiff alleges that she purchased cat food, *id.* ¶ 8. Defendant has included the front and back labels for the cat food Product described in the complaint, MTD Ex. 1,

The back of the label includes a list of ingredients in the following order:

> Turkey Broth, Water, Turkey, Chicken Liver, Chicken, Animal Plasma, Tapioca Starch, Potassium Chloride, Sunflower Oil (Preserved with Mixed Tocopherols), Salt, Calcium Carbonate, Dried Tomatoes, Magnesium Sulfate, Xanthan Gum, Chorine Chloride, Sodium Acid Pyrophosphate, Tetrasodium Pyrophosphate, Taurine, Thiamine Mononitrate, Sodium Hexametaphosphate, Vitamin E Supplement, Zinc Sulfate, Ferrous Sulfate, Vitamin D3 Supplement, Manganese Sulfate, Copper Sulfate, Pyridoxine Hydrochloride, Potassium Iodide, Folic Acid, Menadione Sodium Bisulfite Complex, Rosemary Extract.

MTD, Ex. 1.

Ms. Cobovic avers that the use of the word "natural" on the front label is false and misleading because the Products actually contain "multiple synthetic ingredients." Compl. ¶ 8. Had Ms. Cobovic known the Products contain synthetic ingredients, she would not have purchased them or would have purchased them only at a lower price. *Id.* Ms. Cobovic alleges that her interpretation of the front label reflects that of a "[r]easonable consumer," who would interpret it "to mean that the Products contain only natural ingredients, and not any synthetic substances." *Id.* ¶ 13. Ms. Cobovic acknowledges that the label includes the phrase "Plus Vitamins, Minerals and other nutrients," but avers that a reasonable consumer would assume that the vitamins, minerals, and other nutrients are themselves "natural" rather than "synthetic." *Id.* ¶ 14. Regardless, Ms. Cobovic states that "some of the sythetic ingredients in the Products," such as xanthan gum, cannot be categorized as vitamins or minerals, such that the label

---

which plaintiff seems to accept as the correct image in her opposition. *See* Pl.'s Opp'n at 9, ECF No. 21 (reproducing defendant's cat food image from MTD). I consider the images contained in defendant's exhibit because they are "integral to the complaint" and there is "no dispute . . . regarding the[ir] authenticity or accuracy[.]" *DiFolco*, 622 F.3d at 111; *see also Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 327, 332 n.3 (E.D.N.Y. 2018) (considering document where "[d]efendants . . . provided the complete label . . . consistent with the snapshots plaintiff provides in his complaint and plaintiff does not dispute that it is an accurate reproduction of one of the labels at issue").

3

is false either way. *Id.*

Based on Mars's purported false and misleading representations, Ms. Cobovic initiated this action on behalf of herself and those similarly situated, alleging three causes of action: (1) "deceptive acts or practices" under N.Y. GBL § 349, Compl. ¶¶ 26–39; (2) "false advertising" under N.Y. GBL § 350, Compl. ¶¶ 40–48; and (3) breach of express warranty, Compl. ¶¶ 49–55. Plaintiff seeks to represent a nationwide class and New York state subclass of consumers who purchased the Products for personal, family or household consumption. *Id.* ¶¶ 19–20. Plaintiff seeks injunctive relief, money damages, and attorneys' fees. *Id.* at 12.

Mars moves to dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff has not pleaded a plausible claim for relief because the labels in question would not mislead a reasonable consumer. MTD at 5.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007), which means that the plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In assessing plausibility, a district court generally "accept[s] all factual allegations in the complaint as true and draw[s] inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quotation marks omitted). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule

4

12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, [] documents incorporated by reference in the complaint," and documents on which the complaint relies so heavily that the document is rendered "integral to the complaint." *DiFolco*, 622 F.3d at 111 (internal quotations omitted). Where a complaint repeatedly references a product label or packaging, the court "may take judicial notice of the actual package, even on a motion to dismiss." *Waldman v. New Chapter, Inc.*, 714 F.Supp.2d 398, 400 n.1 (E.D.N.Y.2010).

## DISCUSSION

**I.   N.Y. GBL Claims.**

**A. Legal Principles**

Section 349 of the N.Y. GBL prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce[.]" Section 350 of the N.Y. GBL prohibits "[f]alse advertising in the conduct of any business, trade or commerce[.]" To state a claim under either statute, a plaintiff must "allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 944 (2012)). Here, only the second element element—materially misleading conduct—is contested. *See* MTD at 5.

Under New York law, courts "apply an objective standard in determining whether acts or practices are materially deceptive or misleading 'to a reasonable consumer acting reasonably under the circumstances.'" *Orrico v. Nordic Nats., Inc.*, No. 22-CV-03195, 2023 WL 6308015, at *2 (E.D.N.Y. Sept. 28, 2023) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995)). The reasonable

5

consumer standard "requires 'more than a mere possibility that the label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Bustamante v. KIND, LLC*, 100 F.4th 419, 426 (2d Cir. 2024) (quoting *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023)). Rather, the plaintiff must establish "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (quoting *McGinity*, 69 F.4th at 1097).

To survive a motion to dismiss, a plaintiff must plausibly allege that the conduct complained was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (quotation marks omitted). "At the pleading stage, a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer, but it must proceed with care in doing so as the inquiry is generally a question of fact not suited for resolution at the motion to dismiss stage." *Kelly v. Beliv LLC*, 640 F. Supp. 3d 286, 295 (S.D.N.Y. 2022) (quotation marks and citation omitted); *see also Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 183 (E.D.N.Y. 2018) ("The question of whether a reasonable consumer would be deceived by a 'natural' label is not typically resolved at the motion to dismiss stage"). Because "context is crucial" to determining "whether a reasonable consumer would have been misled," I must "consider the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas*, 910 F.3d at 636 (quotations omitted); *see also Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 178 (2021) ("What is objectively reasonable depends on the facts and context of the alleged misrepresentations[.]").

6

There is a large body of case law applying these principles to product packaging that is alleged to be false or misleading "with respect to the product's actual ingredients." *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 94 (S.D.N.Y. 2021) (collecting cases). Those cases establish that the relevance of the product's ingredient list depends on whether or not the allegedly deceptive statement is considered "ambiguous." *Id.* at 94–95. Where the plaintiff's claim "turns on" the "unavoidable interpretation" of the statement in question, the reasonable consumer is not expected to consult the ingredient list to ascertain the label's meaning. *Warren v. Whole Foods Mkt. Grp., Inc.*, 574 F. Supp. 3d 102, 116–17 (E.D.N.Y. 2021); *see also Mantikas*, 910 F.3d at 637. But where the statement in question is ambiguous, a reasonable consumer is expected to consult the ingredient list "in order to clarify his or her understanding of the label." *Bynum v. Fam. Dollar Stores, Inc.*, 592 F. Supp. 3d 304, 311 (S.D.N.Y. 2022). "Consumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight." *Warren*, 574 F. Supp. 3d at 117 (citation omitted).

### B. Application

Having reviewed the complaint and supporting documents, I conclude that plaintiff has plausibly alleged that a reasonable consumer would be misled by the labeling of the Products as "natural."

Courts in this Circuit have repeatedly held that labelling a product that contains synthetic and/or artificial ingredients as "natural" may be false or misleading for the purpose of N.Y. GBL §§ 349 and 350. *See Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 183 (E.D.N.Y. 2018) (collecting cases). Contrary to defendant's argument, MTD at 9–10, the label need not state that the product is "*all* natural" or "*100%* natural" for a reasonable

7

consumer to infer that the product is free from synthetic ingredients. *Orrico*, 2023 WL 6308015, at \*4 (emphasis added); *see also Paulino v. Conopco, Inc.*, No. 14-CV-5145, 2015 WL 4895234, at \*5 (E.D.N.Y. Aug. 17, 2015) ("That the label makes no explicit claim of being 'All Natural,' '100% natural,' or 'free from synthetics' is beside the point.").

Defendants do not meaningfully contest plaintiff's assertions that the Products contain multiple synthetic ingredients, including those identified in paragraph 16 of the Complaint.3 *See* MTD at 12 (describing Product as containing ingredients that are "both natural and synthetic"). Unlike in *Valencia v. Snapple Bev. Corp.*, No. 23-CV-1399, 2024 WL 1158476 (S.D.N.Y. Mar. 18, 2024), there is no dispute about whether the Product actually contains synthetic ingredients. *See id.*, 2024 WL 1158476 at \*5 (discussing dispute about whether citric acid is a "synthetic ingredient"). Defendants argue, however, that the phrase "+ vitamins, minerals, and other nutrients" indicates that not ingredients are natural, rending the label "true and accurate." MTD at 9. Alternatively, defendants argue that the "scope of the word 'natural'" is ambiguous, such that a reasonable consumer must be expected to consult the back label, which discloses all the ingredients. MTD at 5, 10–12. These arguments are unavailing.

To start, the front label is evidently not accurate, even if I assume that the adjective "natural" does not modify the words "vitamins, minerals, and other nutrients." That is because at least one ingredient—xanthan gum—appears to be neither "natural" nor a

---

3 For the first time in the Reply, defendant urges me to ignore plaintiff's characterization of xanthan gum as synthetic because her allegation is "conclusory." Reply at 8 n.2. However, defendant does not affirmatively assert that xanthan gum is "natural," or address plaintiff's citation to an FDA regulation listing xanthan gum as a "synthetic substance." Compl. ¶ 16(e) (citing C.F.R. § 205.605(b)). While I appreciate that the cited regulation does not establish that all xanthan gum is synthetic, it is enough to establish the plausibility of plaintiff's assertion that the xanthan gum contained in the Product is synthetic.

8

"vitamin, mineral, or other nutrient[]." *See* Pl.'s Opp'n at 6. Defendant urges that this fact does not render the label misleading because "the label never represents that 'all' ingredients fall into one of these three exemplar categories" of ingredients listed on the front label. Reply at 6. But as I have already explained, such language is not a requirement for stating a claim that a label is misleading. *See Orrico*, 2023 WL 6308015, at *4. As many courts in this Circuit have explained, the fact that the Product was merely labeled "natural," rather than "100% natural," "does not preclude a reasonable juror from concluding that the product is composed of non-synthetic products." *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 243 (S.D.N.Y. 2021). The inclusion of an ingredient that allegedly falls outside the categories listed on the front means I cannot conclude that Mars's label was not misleading as a matter of law.

  Defendant's argument that the ingredient list cures the misrepresentation also fails because the list does not definitively resolve the grammatical ambiguity concerning the application of the adjective "natural." While the presence of an ingredient list is relevant to assessing the reasonableness of a consumer's understanding, "the effect that such list may have on a reasonable consumer's understanding of the Products' label is a factual inquiry." *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 281 (E.D.N.Y. 2021). Here, defendant's theory is that the ingredient list would reveal to consumers the presence of synthetic ingredients. MTD at 11–12. This argument assumes that a reasonable consumer can identify which listed ingredients are natural and which are not. *See Anderson v. Unilever United States, Inc.*, 607 F. Supp. 3d 441, 454 (S.D.N.Y. 2022) (rejecting "theory that a reasonable consumer could simply consult the ingredient list" because it would require the court "to credit the notion that a reasonable consumer would be familiar with what the many ingredients listed are *and* those ingredients'

9

properties [and] origins[.]"). I am not persuaded that a reasonable consumer could accurately identify the synthetic ingredients listed on the back label, especially because many "naturally occurring forms of the same vitamins and minerals have similarly difficult-to-pronounce names." *Goetz v. Ainsworth Pet Nutrition, LLC*, No. 24-CV-04799, 2025 WL 692426, at *7 (S.D.N.Y. Mar. 3, 2025). Although a jury may ultimately conclude that the ingredient list would be intelligible to an ordinary shopper, and that "the appearance of ingredients that are obviously synthetic on [the Product's] ingredient list undercuts plaintiff's theory of deception," I cannot make those determinations as a matter of law. *Grossman*, 516 F. Supp. 3d at 281–82.

Because plaintiff has plausibly alleged a material misrepresentation, I deny defendant's motion to dismiss the N.Y. GBL claims. In so holding, I join the three other district courts in this Circuit that have considered similar labels on pet food products. *See Grossman*, 516 F. Supp. 3d at 279; *Goetz*, 2025 WL 692426, at *6; *Acquard v. Big Heart Pet Brands, Inc.*, No. 19-CV-50, 2020 WL 12904361, at *4 (W.D.N.Y. Nov. 30, 2020), R&R adopted, 2021 WL 6550088 (W.D.N.Y. Jan. 4, 2021). "What a reasonable consumer would believe the term 'natural' to mean . . . cannot be resolved on this motion." *In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-MD-2413, 2013 WL 4647512, at *15 (E.D.N.Y. Aug. 29, 2013).

**II. Breach of Express Warranty**

Under New York law, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." N.Y. U.C.C. § 2-313(1)(b). "Courts in this Circuit have held that labeling a product 'natural' can constitute an actionable warranty under New York law." *Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154, 2015 WL 5360022, at *10 (E.D.N.Y. Sept. 14,

10

2015) (collecting cases). To plead breach of an express warranty under New York law, a plaintiff must allege "(i) a *material statement* amounting to a warranty; (ii) the buyer's *reliance* on this warranty as a basis for the contract with his immediate seller; (iii) the *breach* of this warranty; and (iv) injury to the buyer *caused* by the breach." *Avola v. Louisiana-P. Corp.*, 991 F. Supp. 2d 381, 391 (E.D.N.Y. 2013). "Generally, where courts find a plaintiff adequately states her [N.Y.] GBL claims, they find those allegations also suffice to state the elements for a breach of express warranty." *Ward v. Pepperidge Farm, Inc.*, No. 1:24-CV-00078, 2025 WL 919516, at *6 (S.D.N.Y. Mar. 26, 2025).

Defendant argued that plaintiff's express warranty claim fails "for the same reasons her GBL claims fail," namely that "she has not alleged that a reasonable consumer would be misled." MTD at 12 (quoting *Yu v. Dreyer's Grand Ice Cream, Inc.*, 592 F. Supp. 3d 146, 162 (S.D.N.Y. 2022)). Defendant does not contest that plaintiff has failed to satisfy the other elements of an express breach of warranty claim. *See* MTD at 12–13; Reply at 9.

Having disposed of defendant's argument in the context of the GBL claims, I conclude that plaintiff has adequately alleged that a reasonable consumer would be misled by the Product label. "Absent any specific argument from [Mars] as to why such a conclusion is inappropriate here," I conclude that plaintiff has pleaded "the elements for breach of express warranty." *Ward*, 2025 WL 919516, at *6.

## CONCLUSION

For the foregoing reasons, Mars's motion to dismiss is denied.

SO ORDERED.

/s/_____
Allyne R. Ross
United States District Judge

Dated:      June 20, 2025
            Brooklyn, New York